# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 98-60199

(Summary Calendar)

_____

BONNIE R. TAYLOR,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(4-97-CV-41-LS)
February 12, 1999

_____

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

Bonnie R. Taylor appeals from the district court's judgment affirming the Commissioner's

denial of her application for supplemental security income. Our review of the Commissioner's

determination is limited to whether its findings are supported by substantial evidence, and whether

it applied the correct legal standards. *See Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

First, Taylor argues that the administrative law judge (ALJ) failed to give proper weight to

the testimony of the vocational expert (VE) and other witnesses, and instead based its decision solely

on the Medical-Vocational Guidelines. She points out that an ALJ may only rely on the Guidelines

*  Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

if the evidence of disability appearing on the record coincides exactly with those specified in the Guidelines. *See Scott v. Shalala*, 30 F.3d 33, 34 (5th Cir. 1994). She argues that the evidence demonstrated that Taylor lacked the capacity for light work, and that the Guidelines relied upon by the ALJ applied only to claimants who could perform light work. Apparently, Taylor bases this argument on testimony by the VE that, if Taylor's pain was, hypothetically, as severe as she alleged, then she would lack capacity for light work activity. However, the ALJ explicitly found that Taylor did not in fact suffer the level of pain she alleged, and this finding was supported by substantial evidence. *See Falco*, 27 F.3d at 164 (holding that an ALJ may find "the medical evidence more persuasive than the claimant's own testimony"). Consequently, the ALJ did not err concluding that Taylor was capable of light work activity or in applying the relevant Guidelines.

Taylor also asserts that the Commissioner failed to prove that work Taylor could perform was available in the national economy. However, the VE testified that Taylor could work as a parking lot attendant, assembler of electronics, or a photocopy machine operator, and that these jobs were available in both the state and national economy. Consequently, the Commissioner's finding is supported by substantial evidence. *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (upholding finding that claimant could perform jobs in the national economy based on testimony of a vocational expert).

Next, Taylor argues that the ALJ improperly based its determination on Taylor's demeanor at the hearing. Since Taylor's demeanor was but one of the grounds upon which the ALJ based its determination that Taylor's complaints were not credible, Taylor's argument is without merit. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (holding that "it is not reversible error for an ALJ to consider demeanor as one of several factors in evaluating a claimant's credibility")

Finally, Taylor contends that substantial evidence did not exist to support the Commissioner's determination that Taylor was not disabled. We have reviewed the record, and conclude that the Commissioner's finding was supported by substantial evidence. *See Kinash v. Callahan*, 129 F.3d 736, 738-39 (5th Cir. 1997) (upholding ALJ's finding that claimant is not disabled where that finding

is supported by medical evidence and the testimony of a vocational expert).

Accordingly, the district court's judgment is AFFIRMED.